**Salvatore DiPIETRO, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendant.**

**No. 92 Civ. 12440 (MEL).**

United States District Court, D. Massachusetts.

Feb. 8, 1996.

---

Isaiah Shalom, Cambridge, MA, for Plaintiff.

Donald K. Stern, United States Attorney for the District of Massachusetts, Boston, MA (Thomas E. Kanwit, Assistant United States Attorney, of counsel), Andrew L. Freeman, United States Postal Service, Windsor, CT, for Defendant.

LASKER, District Judge.

Salvatore DiPietro's moves for attorney's fees pursuant to 42 U.S.C. § 2000e–5(k). The United States Postal Service opposes the motion. Before explaining why DiPietro's motion is denied, it is important to lay out the history of this litigation.

## I.

In 1992, Salvatore DiPietro sued the United States Postal Service claiming discrimination on the basis of age, national origin and reprisal for his having filed claims before the Equal Employment Opportunity Commission. In February 1995, Judge Stearns granted summary judgment for the defendant as to DiPietro's claims of age and national origin discrimination. In November 1995, DiPietro brought his case to trial, making five separate claims of retaliation, three of which were tried by the jury, the other two by the bench.

As to the claims put before me, I found that DiPietro failed to establish that retaliation was a motivating factor in the actions by employees of the Postal Service. In the three claims put before the jury, it returned a special verdict finding that reprisal was a motivating factor in only one of the instances cited by DiPietro. However, the jury awarded DiPietro no damages.

This was not the first suit filed by DiPietro against the Postal Service nor did it involve the only EEO complaints made by him. In 1989, DiPietro filed suit against the Postal Service claiming discrimination on the basis of national origin and reprisal. In a bench trial, I found that DiPietro had failed to establish discrimination on the basis of either ground.

## II.

DiPietro now moves for approximately $37,500 in attorney's fees pursuant to 42 U.S.C. § 2000e–5(k), which provides in relevant part:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commissioner or the United States, a reasonable attorney's fee.

The Postal Service argues that because the jury awarded no damages to DiPietro, he cannot be considered a "prevailing party" within the meaning of § 2000e–5(k).

In *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992), the Supreme Court held that a plaintiff who received an award of nominal damages was eligible to receive attorney's fees as a "prevailing party" under 42 U.S.C. § 1988. In so holding, the Court reviewed its earlier decisions on the meaning of "prevailing party":

> [I]n *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782 [109 S.Ct. 1486, 103 L.Ed.2d 866] (1989) ... [w]e held the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant ... to be considered a prevailing party.... We reemphasized that the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.

*Id.* 506 U.S. at 111, 113 S.Ct. at 572–573.

Thus, in setting forth its holding in *Farrar,* the Court included one significant caveat:

> Of itself, the moral satisfaction that results from any favorable statement of law cannot bestow prevailing party status. No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.... A judgment for damages in whatever amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit

by forcing the defendant to pay an amount of money he would otherwise not pay.

*Id.* 506 U.S. at 112–13, 113 S.Ct. at 573–574.

DiPietro asserts that *Farrar* is not applicable to this case because it concerned the awarding of attorney's fees under 42 U.S.C. § 1988, whereas this case involves fee awards under 42 U.S.C. § 2000e–5(k). Section 1988 authorizes fee awards to plaintiffs who prevail in cases involving discrimination on the basis of a protected status (e.g. race, gender). Section 2000e–5(k) awards attorney's fees to plaintiffs who prevail in cases involving retaliation. Since DiPietro cites no precedent which suggests that the Supreme Court's conclusion as to one civil rights provision regarding attorney's fees is not applicable to another (and there appears to be no higher authority suggesting that such analogy is impermissible), I conclude that the *Farrar* rule is applicable to the case at hand.

From the quoted language of *Farrar,* one would deduce that an award of no damages, as here, is not equivalent to the receipt of nominal damages and that DiPietro therefore cannot be considered a "prevailing party" within the meaning of the statute. Indeed, according to *Farrar,* a prevailing party is defined as one who is "entitled to enforce a judgment" which "modifies the defendant's behavior." By contrast, the jury's refusal to award damages leaves DiPietro with neither a judgment to enforce against the Postal Service nor with a mechanism through which to modify its behavior towards him. Moreover, DiPietro did not request injunctive relief and, as pointed out by the defendant, and not disputed by DiPietro, could not have requested that Stevenson's letter of warning be expunged from his personnel file since the Postal Service had already done so by the time of this trial. Accordingly, DiPietro is not a prevailing party, and is not entitled to attorney's fees under 42 U.S.C. § 2000e–k(5).

Even assuming that DiPietro had shown that the jury's relief "materially alter[ed] the legal relationship" between himself and the Postal Service, any attorney's fees that would have been awarded in this case would nevertheless have been minimal.

■ First, the absence of detailed contemporaneous attorney's time records calls for a substantial reduction of any award, or in egregious cases, disallowance. *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984). DiPietro's attorney, Isaiah Shalom, has submitted no such records.[1]

■ Second: if DiPietro were entitled to any attorney's fees, they would be minimized because he was unsuccessful on fourteen of his fifteen claims in this case. In *Farrar,* the Supreme Court reiterated the rule that even where a verdict for the plaintiff materially altered the legal relationship between the parties, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* 506 U.S. at 114, 113 S.Ct. at 574. Here, the degree of success obtained was as close to none as possible.

\*      \*      \*      \*      \*      \*

DiPietro's motion for attorney's fees is denied.

It is so ordered.

---

1. Instead, Shalom has merely supplied an affidavit attesting to the amount of time he spent on the DiPietro matter. In addition, in Shalom's second affidavit which he attached to DiPietro's reply memoranda on this motion, he claims that he "was able to determine for what purposes [he] spent [his] time in each instance from [his] files."

Shalom notes that "most of these files are maintained by this honorable court, *who can look at them.*" (emphasis supplied). However, it is not a Court's role to glean the case file for purposes of building a contemporaneous billing record for an attorney.